# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF VIRGINIA

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):    **Clayton Lemont Spruill**                    Case No:  **12-70904-SCS**

This plan, dated ___**October 14   2016**___, is:

- ☐ the *first* Chapter 13 plan filed in this case.
- ☑ a modified Plan, which replaces the
  ☑ confirmed or ☐ unconfirmed Plan dated **SEptember 22, 2015**

Date and Time of <u>Modified Plan</u> Confirming Hearing:  **December 8, 2016 at 10:00 am**

Place of <u>Modified Plan</u> Confirmation Hearing:  **United States Bankruptcy Court, Walter E. Hoffman Courthouse, 600 Granby Street, 4th Floor, Courtroom I, Norfolk, VA 23510**

The Plan provisions modified by this filing are: **3B**

Creditors affected by this modification are: **BSI Financial Services**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

Total Assets: **$520,862.51**
Total Non-Priority Unsecured Debt: **$104,125.71**
Total Priority Debt: **$1,800.00**
Total Secured Debt: **$379,764.00**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

1.    **Funding of Plan.** The debtor(s) propose to pay the trustee the sum of **$537.00 for 22 months, then $679.00 for 22 months, then $712.00 for 16 months**. Other payments to the Trustee are as follows: __**NONE**__. The total amount to be paid into the plan is $ __**38,144.00**__. **THE DEBTOR'S FIRST PLAN PAYMENT IS DUE ON MARCH 31, 2012; ALL SUBSEQUENT PAYMENTS WILL BE DUE ON THE 31ST OF THE MONTH, OR 28TH OR 30TH, AS APPLICABLE.**

2.    **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    **A.**    **Administrative Claims under 11 U.S.C. § 1326.**

        1.    The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).

        2.    Debtor(s)' attorney will be paid $ __**2,250.00 plus costs in the amount of $49.55**__ balance due of the total fee of $ __**3,049.55**__ concurrently with or prior to the payments to remaining creditors.

        **All costs associated not to exceed $300.00 excluding Court filing fees; attorney will provide itemization of costs.**

        **Costs incurred thus far are:**
        **Postage for 341 Letter: .45**
        **Plan Copies: 21 Pages in Plan x .15 per Page: $3.15**
                **12 Plans x $3.15 per Plan: $37.80**
                **.45 Postage per Plan x 10 Plans: $4.50 (First Class)**
                **3.40 Postage per Plan x 2 Plans: $6.80 (Certified)**

        **TOTAL COSTS INCURRED AS OF MARCH 15, 2012: $49.55**

    **B.**    **Claims under 11 U.S.C. §507.**
        The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **Commonwealth of Virginia** | **Taxes** | **1,800.00** | **Pro Rata** |

3.    **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    **A.**    **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

    This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

**B.        Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim.  Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| **BSI Financial Services** | **2640 Archdale Drive, Virginia Beach, VA 23456** | Tax Assessment: $258,500.00 CMA: $256,900.00 | 351,937.71 |
| | **GPIN: 14741489880000** | | |

**C.        Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral Description | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| -NONE- | | | |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.        Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Paymt & Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

**E.        Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

**4.        Unsecured Claims.**

**A.        Not separately classified.**  Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims.  Estimated distribution is approximately  **13**  %.  The dividend percentage may vary depending on actual claims filed.  If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately   **0**   %.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                                                    Best Case Bankruptcy

B.    **Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| -NONE- | | |

5.    **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

A.    **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **Residential Credit SLT** | **76 King George Quay, Chesapeake, VA 23325**<br><br>**CMA: $127,000.00**<br>**Tax Assessment: $144,700.00**<br>**GPIN: 0273008000130** | **601.00** | **4,823.42 (NOTE: Post-petition arrears to be paid by agreement between the parties)** | **0%** | **0 months** | |

B.    **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate | Term for Arrearage | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

C.    **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Paymt& Est. Term** |
|---|---|---|---|---|
| -NONE- | | | | |

6.    **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

A.    **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| -NONE- | |

Page  4of 16

**B.**    **Executory contracts and unexpired leases to be assumed.**  The debtor(s) assume the following executory contracts.  The debtor agrees to abide by all terms of the agreement.  The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| -NONE- | | | | |

**7.**    **Liens Which Debtor(s) Seek to Avoid.**

**A.**    **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).**  The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions.  **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.**  If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Amount | Value of Collateral |
|---|---|---|---|
| -NONE- | | | |

**B.**    **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).**  The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests.  The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief.  The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| -NONE- | | | |

**8.**    **Treatment and Payment of Claims.**

- All creditors must timely file a proof of claim to receive payment from the Trustee.
- If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan.  This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
- If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
- The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

**9.**    **Vesting of Property of the Estate.**  Property of the estate shall revest in the debtor(s) upon confirmation of the Plan.  Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

**10.**    **Incurrence of indebtedness.**  The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

11.    **Other provisions of this plan:**

**\*Except for the disbursements outlined in 2(A), the disbursements by the Trustee shall be made in the following order, with each type being paid in full, before disbursements are started on the next type:**

    **a. Adequate Protection Payments (as outlined in Section 3(C))**
    **b. Priority attorney fees**
    **c. Secured claims including arrearages on real estate**
    **d. Other priority claims**
    **e. Cosigned claims under 1322(b)(1)**
    **f. Other non-dischargeable claims excluding student loans**
    **g. General unsecured claims**

**Signatures:**

**Dated:**   October  14   2016

| | |
|---|---|
| /s/ Clayton Lemont Spruill | /s/ James L. Pedigo, Jr., Esquire |
| **Clayton Lemont Spruill** | **James L. Pedigo, Jr., Esquire 30796** |
| **Debtor** | **Debtor's Attorney** |

**Exhibits:**    **Copy of Debtor(s)' Budget (Schedules I and J);**
                   **Matrix of Parties Served with Plan**

Certificate of Service

      I certify that on  **October 14, 2016**           , I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

                    /s/ James L. Pedigo, Jr., Esquire
                    **James L. Pedigo, Jr., Esquire 30796**
                    Signature

                    **500 E. Main Street**
                    **Suite 1230**
                    **Norfolk, VA 23510**
                    Address

                    **757-622-1621**
                    Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

# United States Bankruptcy Court
## Eastern District of Virginia

In re   **Clayton Lemont Spruill**

Debtor(s)

Case No.   **12-70904-SCS**

Chapter   **13**

## SPECIAL NOTICE TO SECURED CREDITOR

To:   **BSI Financial Services**
**314 S. Franklin Street**
**P.O. Box 517**
**Titusville, PA 16354**
*Name of creditor*

**2640 Archdale Drive, Virginia Beach, VA 23456**

**CMA: $256,900.00**
**Tax Assessment: $258,500.00**
**GPIN: 14741489880000**
*Description of collateral*

1.   The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☐   To value your collateral.  ***See Section 3 of the plan.***   Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐   To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **December 1, 2015** |
| Date and time of confirmation hearing: | **December 8, 2016 at 10:00 am** |
| Place of confirmation hearing: | **United States Bankruptcy Court, Walter E. Hoffman Courthouse, 600 Granby Street, 4th Floor, Courtroom I, Norfolk, VA 23510** |

**Clayton Lemont Spruill**
*Name(s) of debtor(s)*

By:   **/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**James L. Pedigo, Jr., Esquire 30796**
*Name of attorney for debtor(s)*
**500 E. Main Street**
**Suite 1230**
**Norfolk, VA 23510**
*Address of attorney [or pro se debtor]*

Tel. #  **757-622-1621**
Fax #  **757-623-3250**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **October 14    2016**   .

**/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| In re | **Clayton Lemont Spruill** | | Case No. | **12-70904-SCS** |
|---|---|---|---|---|
| | | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:
    **Residential Credit SLT**
    **4282 North Freeway**
    **Fort Worth, TX 76137**

*Name of creditor*

    **76 King George Quay, Chesapeake, VA 23325**

    **CMA: $127,000.00**
    **Tax Assessment: $144,700.00**
    **GPIN: 0273008000130**

*Description of collateral*

1.    The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

    ☐    To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

    ☐    To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **December 1, 2016** |
| Date and time of confirmation hearing: | **December 8, 2016 at 10:00 am** |
| Place of confirmation hearing: | **United States Bankruptcy Court, Walter E. Hoffman Courthouse, 600 Granby Street, 4th Floor, Courtroom I, Norfolk, VA 23510** |

**Clayton Lemont Spruill**
*Name(s) of debtor(s)*

By:     **/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**James L. Pedigo, Jr., Esquire 30796**
*Name of attorney for debtor(s)*
**500 E. Main Street**
**Suite 1230**
**Norfolk, VA 23510**
*Address of attorney [or pro se debtor]*

Tel. #   **757-622-1621**
Fax #   **757-623-3250**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **October   14    2016**   .

**/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
**Eastern District of Virginia**

| | | |
|---|---|---|
| In re | **Clayton Lemont Spruill** | Case No.     **12-70904-SCS** |
| | Debtor(s) | Chapter     **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:    **The Bank of New York Mellon**
**c/o Nationwide Trustee Svcs VA**
**1587 Northeast Expressway**
**Atlanta, GA 30329**
*Name of creditor*

*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

     ☐      To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

     ☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.*** The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **December 1, 2016** |
| Date and time of confirmation hearing: | **December 8. 2016 at 10:00 am** |
| Place of confirmation hearing: | **United States Bankruptcy Court, Walter E. Hoffman Courthouse, 600 Granby Street, 4th Floor, Courtroom I, Norfolk, VA 23510** |

            **Clayton Lemont Spruill**
            *Name(s) of debtor(s)*

By:    **/s/ James L. Pedigo, Jr., Esquire**
            **James L. Pedigo, Jr., Esquire 30796**
            *Signature*

            ☑ Debtor(s)' Attorney
            ☐ Pro se debtor

            **James L. Pedigo, Jr., Esquire 30796**
            *Name of attorney for debtor(s)*
            **500 E. Main Street**
            **Suite 1230**
            **Norfolk, VA 23510**
            *Address of attorney [or pro se debtor]*

            Tel. #    **757-622-1621**
            Fax #    **757-623-3250**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

    ☑ first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

    ☐ certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **October    14    2016**

 

           **/s/ James L. Pedigo, Jr., Esquire**
           **James L. Pedigo, Jr., Esquire 30796**
           *Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

# United States Bankruptcy Court
## Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Clayton Lemont Spruill** | Case No. | **12-70904-SCS** |
| | Debtor(s) | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:

**BSI Financial Services**
**Gagan Sharma, President and CEO**
**1425 Greenway Drive**
**Suite 400**
**Irving, TX 75038**

*Name of creditor*

**2640 Archdale Drive, Virginia Beach, VA 23456**

**CMA: $256,900.00**
**Tax Assessment: $258,500.00**
**GPIN: 14741489880000**

*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☐      To value your collateral.  ***See Section 3 of the plan.***  Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold.  ***See Section 7 of the plan.***  All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **December 1, 2016** |
| Date and time of confirmation hearing: | **December 8. 2016 at 10:00 am** |
| Place of confirmation hearing: | **United States Bankruptcy Court, Walter E. Hoffman Courthouse, 600 Granby Street, 4th Floor, Courtroom I, Norfolk, VA 23510** |

**Clayton Lemont Spruill**
*Name(s) of debtor(s)*

By:   **/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**James L. Pedigo, Jr., Esquire 30796**
*Name of attorney for debtor(s)*
**500 E. Main Street**
**Suite 1230**
**Norfolk, VA 23510**
*Address of attorney [or pro se debtor]*

Tel. #   **757-622-1621**
Fax #   **757-623-3250**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☐   first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☑   certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **October   14   2016**   .

**/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

## United States Bankruptcy Court
### Eastern District of Virginia

| | | | |
|---|---|---|---|
| In re | **Clayton Lemont Spruill** | Case No. | **12-70904-SCS** |
| | *Debtor(s)* | Chapter | **13** |

## SPECIAL NOTICE TO SECURED CREDITOR

To:

**Residential Credit SLT**
**Residential Credit Solutions**
**Dennis Stowe, President and CEO**
**4282 North Freeway**
**Fort Worth, TX 76137**

*Name of creditor*

**76 King George Quay, Chesapeake, VA 23325**

**CMA: $127,000.00**
**Tax Assessment: $144,700.00**
**GPIN: 0273008000130**

*Description of collateral*

1.      The attached chapter 13 plan filed by the debtor(s) proposes (*check one*):

☐      To value your collateral. ***See Section 3 of the plan.*** Your lien will be limited to the value of the collateral, and any amount you are owed above the value of the collateral will be treated as an unsecured claim.

☐      To cancel or reduce a judgment lien or a non-purchase money, non-possessory security interest you hold. ***See Section 7 of the plan.*** All or a portion of the amount you are owed will be treated as an unsecured claim.

2.      ***You should read the attached plan carefully for the details of how your claim is treated.***  The plan may be confirmed, and the proposed relief granted, <u>unless</u> you file and serve a written objection by the date specified <u>and</u> appear at the confirmation hearing. A copy of the objection must be served on the debtor(s), their attorney, and the chapter 13 trustee.

| | |
|---|---|
| Date objection due: | **December 1, 2016** |
| Date and time of confirmation hearing: | **December 8. 2016 at 10:00 am** |
| Place of confirmation hearing: | **United States Bankruptcy Court, Walter E. Hoffman Courthouse, 600 Granby Street, 4th Floor, Courtroom I, Norfolk, VA 23510** |

**Clayton Lemont Spruill**
*Name(s) of debtor(s)*

By:   **/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature*

☑ Debtor(s)' Attorney
☐ Pro se debtor

**James L. Pedigo, Jr., Esquire 30796**
*Name of attorney for debtor(s)*
**500 E. Main Street**
**Suite 1230**
**Norfolk, VA 23510**
*Address of attorney [or pro se debtor]*

Tel. #   **757-622-1621**
Fax #    **757-623-3250**

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Notice and attached Chapter 13 Plan and Related Motions were served upon the creditor noted above by

☐   first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P; or

☑   certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P

on this   **October   14     2016** .

**/s/ James L. Pedigo, Jr., Esquire**
**James L. Pedigo, Jr., Esquire 30796**
*Signature of attorney for debtor(s)*

Ver. 09/17/09 [effective 12/01/09]

B6I (Official Form 6I) (12/07)

In re    **Clayton Lemont Spruill**                                                                Case No.    **12-70904-SCS**
                                          Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**Son** | AGE(S):<br>**23 Years** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Assistant Principal** | **Teacher** |
| Name of Employer | **Chesapeake Public Schools** | **Norfolk Public Schools** |
| How long employed | **6 Years** | **35 Years** |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 7,029.76 | $ | 5,936.45 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 7,029.76 | $ | 5,936.45 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | 1,523.42 | $ | 997.81 |
|    b. Insurance | $ | 917.12 | $ | 78.12 |
|    c. Union dues | $ | 52.40 | $ | 0.00 |
|    d. Other (Specify)    **See Detailed Income Attachment** | $ | 351.48 | $ | 1,413.46 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 2,844.42 | $ | 2,489.39 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 4,185.34 | $ | 3,447.06 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 1,000.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>(Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>(Specify):    **Pro Rata Tax Refund** | $ | 115.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 1,115.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 5,300.34 | $ | 3,447.06 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | 8,747.40 | | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
   **Note: The rental income increase to $1,000.00 begins January, 2014.**

**B6I (Official Form 6I) (12/07)**

| | | |
|---|---|---|
| In re   **Clayton Lemont Spruill** | Case No. | **12-70904-SCS** |
| Debtor(s) | | |

### SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED
## Detailed Income Attachment

**Other Payroll Deductions:**

| | | | | |
|---|---|---:|---|---:|
| Reserve 10 | $ | 0.00 | $ | 908.28 |
| 403VALIC | $ | 0.00 | $ | 434.00 |
| AFT | $ | 0.00 | $ | 71.18 |
| Retirement | $ | 351.48 | $ | 0.00 |
| **Total Other Payroll Deductions** | $ | 351.48 | $ | 1,413.46 |

B6J (Official Form 6J) (12/07)

In re    **Clayton Lemont Spruill**                                      Case No.    **12-70904-SCS**
_____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,628.63 |
| a. Are real estate taxes included?    Yes **X**    No ___ | | |
| b. Is property insurance included?    Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 235.00 |
| b. Water and sewer | $ | 102.00 |
| c. Telephone | $ | 175.00 |
| d. Other    **Bundle** | $ | 220.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 150.00 |
| 4. Food | $ | 750.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 100.00 |
| 7. Medical and dental expenses | $ | 220.00 |
| 8. Transportation (not including car payments) | $ | 575.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 95.00 |
| 10. Charitable contributions | $ | 85.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 56.42 |
| d. Auto | $ | 179.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other    **Mortgage for Second Property** | $ | 978.93 |
| c. Other    **Alarm System** | $ | 36.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other    **See Detailed Expense Attachment** | $ | 2,350.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 8,035.98 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 8,747.40 |
| b. Average monthly expenses from Line 18 above | $ | 8,035.98 |
| c. Monthly net income (a. minus b.) | $ | 711.42 |

**B6J (Official Form 6J) (12/07)**

In re   **Clayton Lemont Spruill** _____    Case No.   **12-70904-SCS**
                                      Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED
### Detailed Expense Attachment

**Other Expenditures:**

| | | |
|---|---|---:|
| **Husband's Miscellaneous Expenses** | $ | **135.00** |
| **Wife's Miscellanous Expenses** | $ | **135.00** |
| **Hair Care** | $ | **40.00** |
| **Wife's Contribution to Son's School Expenses** | $ | **200.00** |
| **Pet Care** | $ | **30.00** |
| **Wife's Loan Repayments** | $ | **1,310.00** |
| **Wife's Gasoline** | $ | **500.00** |
| **Total Other Expenditures** | $ | **2,350.00** |

```
AJX Mortgage Trust, I
8100 Three Chopt Road
Suite 240
Richmond, VA 23229-4833


Azurea I, LLC
c/o Weinstein & Riley, P.S.
2001 Western Ave, Suite 400
Seattle, WA 98121-3132


Bank of America
P.O. Box 17054
Wilmington, DE 19884


Bank of America
P.O. Box 982238
El Paso, TX 79998-2238


BOA/Northeast Legal Order Proc
DE5-024-02-08
P.O. Box 15047
Wilmington, DE 19850


BOA/Northeast Legal Order Proc
Brian T. Moynihan, CEO
P.O. Box 15047
Wilmington, DE 19850


BSI Financial Services
314 S. Franklin Street
P.O. Box 517
Titusville, PA 16354


BSI Financial Services
Gagan Sharma, Pres & CEO
1425 Greenway Dr, Ste 400
Irving, TX 75038


Carrington Mortgage Services
c/o McCabe, Weisberg & Conway
312 Marshall Ave, Ste 800
Laurel, MD 20707
```

Christiana Trust
c/o Samuel I. White, P.C.
5040 Crprate Woods Dr, Ste 120
Virginia Beach, VA 23462


Christiana Trust
c/o BSI Financial Services
314 S. Franklin St, 2nd Floor
Titusville, PA 16354


Christiana Trust
c/o Carrington Mtg Services
1610 E. St Andrew Pl, Ste B150
Santa Ana, CA 92705-4931


Comenity Bank/Alliance Data
Edward Heffernan, President
7500 Dallas Pkwy, Ste 700
Plano, TX 75024


Commonwealth of Virginia
Department of Taxation
P.O. Box 1115
Richmond, VA 23218-1115


Commonwealth of Virginia
Department of Taxation
P.O. Box 2156
Richmond, VA 23218-2156


Discover
P.O. Box 30943
Salt Lake City, UT 84130


Discover Financial Services LL
David Nelms, President and CEO
2500 Lake Cook Road
Riverwoods, IL 60015


Discover Financial Services LL
P.O. Box 3025
New Albany, OH 43054-3025

Elizon Master Part. Trst/USBnk
c/o Atlantic Law Group
P.O. Box 2548
Leesburg, VA 20177


FIA Card Services, NA
P.O. Box 15102
Wilmington, DE 19886-5102


FIA Card Services, NA
Brian T. Moynihan, Ch, Pr, CEO
1100 N. King Street
Wilmington, DE 19884


Gregory Funding, LLC
P.O. Box 25430
Portland, OR 97298


HSBC
c/o Midland Credit Management
2365 Northside Drive, Ste 300
San Diego, CA 92108


HSBC Finance Corporation
Patrick J. Burke, Chairman/CEO
26525 North Riverwoods Blvd
Mettawa, IL 60045


JCPenney/GE Money Bank
Attn: Bankruptcy Department
P.O. Box 103104
Roswell, GA 30076


JCPenney/Synchrony Bank
Attn: Bankruptcy Department
P.O. Box 965060
Orlando, FL 32896-5060


Office of the U.S. Trustee
200 Granby Street
Room 625
Norfolk, VA 23510


Residential Credit SLT
4282 North Freeway
Fort Worth, TX 76137

Residential Credit SLT
Dennis G. Stowe, Pres & CEO
4282 North Freeway
Fort Worth, TX 76137


Residential Credit SLT
c/o BWW Law Group
8100 Three Chopt Road, Ste 240
Richmond, VA 23229-4833


Residential Credit SLT
P.O. Box 163229
Fort Worth, TX 76161-3229


SunTrust
P.O. Box 85052
Richmond, VA 23285-5052


Suntrust Bank
William H. Rogers, Jr., Ch/CEO
303 Peachtree Street NE
Atlanta, GA 30308


Synchrony Bank
Margaret M. Keane, Pres/CEO
777 Long Ridge Road
Stamford, CT 06902


The Bank of New York Mellon
c/o Nationwide Trustee Svcs VA
1587 Northeast Expressway
Atlanta, GA 30329


US Bank (US Bancorp)
Richard Davis, CMB, CEO, Pres
800 Nicollet Mall
Minneapolis, MN 55402-4302


US Bank Trust National Associa
SN Servicing Corporation
323 Fifth Street
Eureka, CA 95501

```
US Bank Trust National Associa
c/o Brock & Scott, PLLC
484 Viking Drive, Suite 110
Virginia Beach, VA 23452


US Bank Trust National Associa
c/o Brock & Scott, PLLC
5121 Prkwy Plaza Blvd, Ste 300
Charlotte, NC 28217


Victoria's Secret/Comenity Bnk
Bankruptcy Department
P.O. Box 182125
Columbus, OH 43218-2125


Victoria's Secret/WFNNB
Bankruptcy Department
P.O. Box 182125
Columbus, OH 43218-2125
```